# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JESSIE R. THOMAS, ) | |
| ) | |
| Plaintiff, ) | No. 07 C 0813 |
| ) | |
| vs. ) | Judge Joan H. Lefkow |
| ) | |
| EXXON MOBIL OIL ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of plaintiff, Jessie R. Thomas ("Thomas"), for relief from the court's May 3, 2007 order dismissing his case for want of prosecution. For the reasons stated below, the court denies Thomas's motion.

## BACKGROUND

Thomas filed suit against defendant Exxon Mobil Oil Corporation ("Exxon") alleging that it discriminated against him on the basis of race in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000(e) et seq. ("Title VII"). A few months later, on August 31, 2006, Exxon issued interrogatories and requests for production of documents to Thomas to which responses were due, per the Federal Rules of Civil Procedure, by October 3, 2006. The October 3, 2006 deadline came and went without Thomas's serving his responses, as did the November 30, 2006 and January 1, 2007 revised deadlines set by the court in which the case was filed, the Northern District of Indiana. On February 8, 2007, that court granted Exxon's motion to compel discovery and request for reimbursement for attorney's fees and costs, directing Thomas to provide possible

1

dates for his deposition and to respond and serve upon Exxon responses to Exxon's discovery requests.

On February 8, 2007, Magistrate Judge Paul Cherry of the Northern Distrist of Indiana found that, pursuant to 28 U.S.C. § 1406(a), it was in the interest of justice to *sua sponte* transfer this case to this district. Exxon then filed a motion to reconsider and objections to the magistrate judge's decision, arguing that Magistrate Judge Cherry's decision to transfer this case was clearly erroneous and requesting that it be set aside pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. Unsure of where to file its motion because the Clerk of the Indiana district court transferred the case before Exxon had an opportunity to exercise its right under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure to lodge objections with a district judge, Exxon filed its motion in both this court and the Indiana district court. On April 2, 2007, the Indiana district court denied Exxon's motion to reconsider the magistrate judge's ruling. Thereafter, on April 14, 2007, this court denied as moot Exxon's motion to reconsider filed in this court.

Shortly before this court denied its motion to reconsider, on April 10, 2007, Exxon filed a motion to dismiss Thomas's complaint for want of prosecution. In that motion, Exxon detailed a a history of alleged dilatory and contumacious conduct by Thomas and his various attorneys, including his present counsel of record, Kelly Saindon. The motion was called for hearing on May 3, 2007. Since neither Thomas nor his counsel appeared to oppose the motion, this court granted Exxon's motion and dismissed the case with prejudice.

Nearly six weeks later, on June 20, 2007, Thomas moved to "set aside the order dismissing the case." The court directed Exxon to respond, which it did on July 10, 2007.

2

## DISCUSSION

Thomas's motion does not specify the Rule under which it is filed. A party seeking postjudgment relief in federal district court may proceed under Rule 59(e) or Rule 60(b). A motion to alter or amend a judgment pursuant to Rule 59(e), however, may be filed no later than ten days after entry of the judgment. Since it is undisputed that Thomas filed the present motion nearly six weeks after entry of judgment, his only conceivable avenue of relief is under Rule 60(b). Accordingly, the court evaluates his motion under that rule.

Rule 60(b)(1) authorizes courts to relieve a party from a final judgment for reasons of "mistake, inadvertence, surprise, or excusable neglect." *See* Fed. R. Civ. P. 60(b)(1). Thomas bears the burden of showing (1) good cause for the default; (2) quick action to correct the default; and (3) the existence of a colorable claim. *See Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994); *see also United States v. Indoor Cultivation Equip. from High Tech Indoor Garden Supply*, 55 F.3d 1311, 1313 (7th Cir. 1995). Vacation of a default judgment pursuant to Rule 60(b) is "an extraordinary remedy and is granted only in exceptional circumstances." *United States v. One 1979 Rolls-Royce Corniche*, 770 F.2d 713, 716 (7th Cir. 1985).

Thomas argues that he should be granted relief from dismissal of his claims because 1) the dismissal was based, in part, on the mistaken belief that he had not responded to Exxon's discovery requests; 2) his counsel's failure to attend the May 3, 2007 hearing on Exxon's motion to dismiss was caused by his counsel's inability to receive email communications for a two-month period; and 3) Exxon will not be prejudiced by reinstatement of the case.

Thomas maintains that email difficulties experienced by his counsel between March 2007 and May 2007 excuse his counsel's failure to attend the hearing regarding Exxon's motion to

3

dismiss. Thomas's counsel was aware, though, that he was experiencing email difficulties, so he should have regularly accessed the court's online docket to monitor case activity or otherwise syaed informed. It is simply unreasonable for an attorney in practice to fail to take such action to ensure that he did not miss developments in his cases. Thus, Thomas's counsel's carelessness, not his alleged email difficulties, was the cause for the default judgment, and attorney carelessness to litigation is not excusable. *See Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004); *see also McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) ("[N]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)."); *United States v. 8136 S. Dobson St.*, 125 F.3d 1076, 1084 (7th Cir. 1997) ("[A] client is bound by his chosen agent's deeds, whether it be negligence, gross negligence, or even wilful conduct."). It should also be noted that, even if Thomas's counsel ultimately responded to Exxon's discovery requests, he did so only after missing the deadlines set by this court and the Indiana district court. Thomas's counsel's lack of diligence in monitoring the court's docket is, then, but a part of a pattern of dilatory conduct, which makes it all the more inexcusable.

Regardless, even if the court excused Thomas's counsel's conduct prior to the entry of default, his failure to take quick action to correct the default would still require that his motion to vacate be denied. Rule 60(b) provides that a motion for relief from a judgment by reason of mistake, inadvertence, excusable neglect, etc., "shall be made within a reasonable time," but "not more than one year after the judgment, order, or proceeding was entered or taken." Fed. R. Civ. P. 60(b). The Seventh Circuit has stated that the one-year cap is an "extreme outer limit" and repeatedly cautioned that "even a motion filed within a year will be rejected as untimely if not

4

made within a reasonable time." *Berwick Grain Co. v. Illinois Dep't of Agric.*, 189 F.3d 556, 560 (7th Cir. 1999) (citations omitted); *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 610 (7th Cir. 1986). "What constitutes a 'reasonable time' ultimately depends on the facts of each case including the reason for delay, the practical ability of the litigant to have learned about the grounds of the judgment earlier, and the degree of prejudice to the other parties." *Kagan*, 795 F.2d at 610.

Thomas does not contend that his counsel's alleged email difficulties delayed his counsel's receipt of notification of the dismissal of the case. Indeed, the affidavits submitted in support of the present motion make clear that his counsel's alleged email difficulties ended in early May and that his counsel received an email notifying him that Exxon's motion to dismiss had been granted. Thus, it is fair to conclude that Thomas's counsel was on notice on May 3, 2007, the date of the dismissal, that he needed to take quick action to vacate the judgment. Instead, Thomas waited until June 20, 2007, more than six weeks after the case was dismissed, to move to reinstate the case. Courts have held that a plaintiff could not establish quick action to correct a default under Rule 60(b)(1) where they did not act for three weeks, *Sullivan v. General Plumbing, Inc.*, 2007 WL 1030236, *4 (N.D. Ill. Mar. 31, 2007), five weeks, *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994), seven weeks, *Casio Computer Co. v. Noren*, 2001 WL 893813, *5 (N.D. Ill. Aug. 6, 2001), two months, *Chandler Leasing Corp. v. UCC, Inc.*, 91 F.R.D. 81, 84 (N.D. Ill. 1981), or three months, *Leadership Council for Metro. Open Communities, Inc. v. Quality Realty, Inc.*, 1999 WL 1046431, *2-3 (N.D. Ill. Nov. 10, 1999), after the entry of default. Under different circumstances, perhaps a six-week delay would constitute quick action. Here, though, since Thomas provides no explanation for his failure to move to set aside the default

5

judgment, his six-week delay cannot be considered quick action. Accordingly, Thomas is not entitled to relief from the default judgment. *See Pretzel & Stouffer, Chartered* v. *Imperial Adjusters, Inc.*, 28 F.3d 42, 46 (7th Cir. 1994) (a plaintiff must meet all three requirements under Rule 60(b) in order to vacate an entry of default).

The court appreciates that the denial of relief from judgment imposes a harsh result on Thomas by precluding consideration of the merits of his case. But "[c]lients must be held accountable for the acts and omissions of their attorneys." *Pioneer Inv. Services Co.* v. *Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993). "If the lawyer's neglect protected the client from ill consequences, neglect would become all too common. It would be a free good." *Tango Music, LLC* v. *DeadQuick Music, Inc.*, 348 F.3d 244, 247 (7th Cir. 2003). To the extent Thomas believes his claim is meritorious (an issue on which the court expresses no opinion), he can pursue whatever remedies he may have against his counsel for failing to prosecute this suit in a competent manner.

## CONCLUSION

Based upon the foregoing reasons, Thomas's motion to set aside the order dismissing the case [# 63] is denied. Counsel for plaintiff is directed to serve a copy of this ruling on his client. The case is terminated.

Dated: August 1, 2007     ENTER: *[signature]*

JOAN HUMPHREY LEFKOW
United States District Judge